UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY LEE SARP,

      Plaintiff,      Case No. 16-cv-10099

v                Honorable Thomas L. Ludington

COMMISSIONER OF SOCIAL SECURITY,  Magistrate Judge Stephanie Dawkins Davis

      Defendant.
_____/

**ORDER GRANTING MOTION TO SUBSTITUTE PARTY, DIRECTING CLERK TO AMEND CAPTION, ADOPTING REPORT AND RECOMMENDATION, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING FOR FURTHER PROCEEDINGS**

  On January 13, 2017, Plaintiff Jeffrey Lee Sarp filed a complaint seeking judicial review of the Social Security Commissioner's denial of disability benefits. ECF No. 1. Sarp represented himself pro se during the proceedings before the Administrative Law Judge (ALJ). After the hearing, the ALJ concluded that Sarp was not disabled. The Appeals Council denied review, making the ALJ's denial of benefits the Commissioner's final decision. The case was referred to Magistrate Judge Stephanie Dawkins Davis. After the parties filed cross-motions for summary judgment, Judge Davis issued a report recommending that Sarp's motion for summary judgment be granted, the Commissioner's motion denied, the Commissioner's finding be reversed, and the matter be remanded for further proceedings under Sentence Four. ECF Nos. 15, 17, 19. The Commissioner timely filed objections. ECF No. 20.

  On April 14, 2017, the Court issued an order sustaining the Commissioner's objections and rejecting the report and recommendation. ECF No. 22. Because Judge Davis considered only two of Sarp's original claims of error, the cross motions for summary judgment were referred to

Judge Davis for further consideration. On August 18, 2017, Judge Davis issued a report recommending that Sarp's motion for summary judgment be granted and the matter be remanded for further proceedings under Sentence Four. Although Judge Davis's report and recommendation specified that the parties had fourteen days after issuance of the report and recommendation to object, neither party has objected.

On August 29, 2017, Sarp's attorney filed a notice on the docket indicating that Sarp has died. ECF No. 24. On September 11, 2017, the Court directed Sarp's attorney to explain whether a motion for party substitution would be forthcoming. On September 13, 2017, Sarp's attorney filed a motion seeking substitution of Sarp's son, Jarrett Sarp. ECF No. 26. In an exhibit to the motion, Sarp's attorney provides proof that Jarrett Sarp has been appointed as the personal representative of his father's estate.

Social security claims can survive the death of the claimant. *Cunningham v. Astrue*, 360 F. App'x 606, 611 (6th Cir. 2010); 42 U.S.C. § 404(d)(7). When a social security claimant dies during the pendency of the appeal, payment of any amount due should be made to the legal representative of the deceased individual. *Id.* Pursuant to Federal Rule of Criminal Procedure 25(a):

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

*Id.*

Jarrett Sarp is Jeffrey Sarp's successor and representative. As such, he is the appropriate legal representative and will be substituted.

Although the Magistrate Judge's report explicitly stated that the parties to this action may object to and seek review of the recommendation within fourteen days of service of the report, neither Plaintiff nor Defendant filed any objections. The election not to file objections to the Magistrate Judge's report releases the Court from its duty to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The failure to file objections to the report and recommendation waives any further right to appeal. Because Jarrett Sarp will be substituted as the proper party and because no objections were filed, this case is ripe for remand.

Accordingly, it is **ORDERED** that Jarrett Sarp's motion to substitute as the proper party, ECF No. 26, is **GRANTED.**

It is further **ORDERED** that the Jarrett Sarp, Personal Representative of the Estate of Jeffrey Sarp is **SUBSTITUTED** as the Plaintiff.

It is further **ORDERED** that the Clerk of Court is **DIRECTED** to amend the caption to reflect the substitution.

It is further **ORDERED** that the magistrate judge's report and recommendation, ECF No. 23, is **ADOPTED**.

It is further **ORDERED** that Defendant Commissioner's motion for summary judgment, ECF No. 17, is **DENIED.**

It is further **ORDERED** that Plaintiff Sarp's motion for summary judgment, ECF No. 15, is **GRANTED.**

It is further **ORDERED** that the Commissioner's findings are **REVERSED.**

It is further **ORDERED** that this matter is **REMANDED** for further proceedings under Sentence Four.

Dated: September 19, 2017        s/Thomas L. Ludington
                                 THOMAS L. LUDINGTON
                                 United States District Judge

```
                    PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on September 19, 2017.

                                       s/Kelly Winslow
                                       KELLY WINSLOW, Case Manager
```